IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDDIE FOWLER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE NAVY; DONALD C. WINTER, Secretary of the Navy,<br><br>Defendants.<br>_____ | CV. NO. 06-00294 DAE-BMK |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On April 9, 2007, the Court heard Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. R. Michael Burke, Assistant U.S. Attorney appeared at the hearing on behalf of Defendants; Andre S. Wooten, Esq., appeared at the hearing on behalf of Plaintiff. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion for Summary Judgment.

BACKGROUND

On or around June 1, 2005, Plaintiff Eddie Fowler contacted the EEO office, alleging discrimination based on race (African American), color (black),

and sex (male) for failure to promote.[1]  (Reply Ex. 3.)  Specifically, Plaintiff claimed that he was denied a promotion from May 1, 1999-May 2, 2005 when Defendants failed to update his position description from a GS-12 to a GS-13/14 level based on his race, color, and sex.  (See id.; Defendants' SOF, Ex. 1.)  On November 16, 2005, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity office ("EEO").  (See Defs' SOF, Ex. 1.)  Plaintiff admitted to the EEO Counselor that he "perceiv[ed] discrimination on May 3, 2000 but delayed his EEO contact to allow management the opportunity to correct the issue."  (Id. at 2.)  Five or more years later, Plaintiff contacted the EEO because, as he claimed, "[h]e waited long enough for management to correct his PD [Position Description]." (See id.)

On April 27, 2006, the Deputy EEO Officer for United States Pacific Command, Nadine E. Bayne, dismissed Plaintiff's EEO complaint for untimely contact with an EEO Counselor, pursuant to 29 C.F.R. §§ 1614.107(a)(2) and 1614.105(a)(1), and failure to state a claim, pursuant to 29 C.F.R. § 1614.107(a)(1).  (See id.)  Seeing as Plaintiff did not initiate contact with the

---

[1] Plaintiff contends that he contacted the EEO Office on May 2, 2005, but the EEO Intake was conducted on June 1, 2005.  (Compare Reply Ex. 3, with Defs' SOF, Ex. 1, at 2.)  Whether the actual date was May 2, 2005 or June 1, 2005 is unimportant for the purpose of this Motion because, in either case, Plaintiff waited five years or more to contact the EEO Office.

EEO until five or more years since the alleged discriminatory act occurred, the EEO Officer found that Plaintiff's claim was untimely under 29 C.F.R. § 1614.105(a)(1). (See Defs' SOF, Ex. 1, at 2.) Furthermore, the EEO Officer found that a continuing violation theory did not apply because the alleged acts of discrimination constituted discrete acts under Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), each of which started a new clock for filing charges. (See id.) Finally, the EEO Officer found that Plaintiff failed to state a claim because, on August 25, 2005, Plaintiff's PD was upgraded to a GS-13 level and, less than two months later, Plaintiff was non-competitively promoted to a GS-13. (See id. at 3.)

On May 24, 2006, Plaintiff filed a Complaint with this Court, alleging racial discrimination pursuant to 42 U.S.C. §§ 1981 and 1981A, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, Title VII, and Hawaii's Fair Employment Act, and for Intentional Infliction of Emotional Distress and Punitive Damages. On February 15, 2007, Defendants filed the instant Motion, which Plaintiff opposed on March 22, 2007. Defendants filed their Reply on March 29, 2007.

## STANDARD OF REVIEW

Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, summary judgment under Rule 56 of the

Federal Rules of Civil Procedure.  Because this Court must consider matters outside of the pleadings, Defendants' motion is treated as one for summary judgment.  See Keas v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Anemone, 86 F.3d 932, 934 (9th Cir. 1996).

> Rule 56 requires summary judgment to be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court "those portions of the

materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. See Porter, 383 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party does not meet its burden by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  See Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  See id.  Notwithstanding, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Defendants argue that, as a matter of law, Plaintiff's claims under 42 U.S.C. §§ 1981 and 1981A, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and Hawaii's Fair Employment Act (Counts I to IV and Count VI) may not proceed because Title VII preempts them.  Furthermore, Defendants assert that because Plaintiff failed to exhaust his administrative remedies, his Title VII claim may not stand.  Additionally, Defendants contend that the Federal Tort Claims Act ("FTCA") prohibits suit against the federal Defendants, see 28 U.S.C. § 2680(h), and bars Plaintiff's punitive damages claim.  See 28 U.S.C. § 2674.  Finally,

because Plaintiff failed to file an administrative claim, Defendants argue that any claims under the FTCA are barred.

Plaintiff responds that he timely filed his EEO complaint after he received his "Right to Sue" letter; thus, he exhausted his administrative remedies under Title VII.  Additionally, Plaintiff contends that the continuing violation theory applies due to the alleged systematic denial of promotion and retaliation that occurred over seven years.  Plaintiff does not respond to any other argument in Defendants' Motion.

1.   Title VII precludes Counts I to IV and Count VI

Title VII is the exclusive judicial remedy for federal employees alleging employment discrimination.  See Brown v. General Serv. Admin., 425 U.S. 820, 825, 834 (1976) (holding that Title VII is the exclusive remedy for federal employees alleging racial discrimination in employment); White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir. 1981) (finding that Title VII precluded claims brought by a federal employee under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, among others); Nimi-Montalbo v. White, 243 F. Supp. 2d 1109, 1118 (D. Haw. 2003) (finding that Title VII provided the exclusive judicial remedy for the plaintiff's claims of employment discrimination against the Secretary of the Army).   Because Plaintiff is a federal employee alleging

race-based employment discrimination claims under 42 U.S.C. §§ 1981 and 1981A, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and Hawaii's Fair Employment Act, Title VII precludes such claims.  Thus, this Court GRANTS summary judgment concerning Counts I to IV and Count VI.

        2.  <u>Failure to exhaust administrative remedies (Count V)</u>

To maintain a Title VII action in federal court, an aggrieved party must exhaust his or her administrative remedies, including regulatory and judicially imposed requirements.  See <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir. 1994); <u>Johnson v. United States Treasury Dep't</u>, 27 F.3d 415, 416 (9th Cir. 1994).  In <u>Johnson</u>, the plaintiff alleged race-based discrimination for failure to promote.  See 27 F.3d at 416.  The Ninth Circuit affirmed summary judgment on the ground that the plaintiff failed to raise a timely discrimination claim with an EEO counselor within 30 days of the adverse employment action, according to 29 C.F.R. § 1613.214(a)(1)(I).  <u>See id.</u>

Similarly, 29 C.F.R. § 1614.105(a)(1) provides that an aggrieved person must initiate contact with an EEO Counselor within 45 days of the date of the alleged discriminatory matter to consult with the Counselor before filing a complaint.  Plaintiff waited five or more years from the date that he first admitted to perceiving discrimination to initiate contact with an EEO Counselor, prompting

the EEO Officer to dismiss his claim based on, in part, untimeliness. Plaintiff concedes that he was aware of his inaccurate PD as early as May 3, 2000. Yet, Plaintiff waited until around June 1, 2005 to contact the EEO office, providing no reason for his delay except that he had "waited long enough." Consequently, Plaintiff failed to initiate contact with an EEO Counselor well past the 45-day period proscribed by regulation. Plaintiff failed to exhaust his administrative remedies under Title VII.

During the hearing on the Motion, Defendants' counsel argued for the first time that, even if this Court were to consider for exhaustion purposes the announcement of a GS 13/14 Educational Coordinator position prior to June 6, 2005, the only damages that possibly could be awarded would be equitable, at best. That is so because Plaintiff's PD was upgraded to a GS-13 level about two and a half months later, on August 25, 2005, and he was non-competitively promoted to a GS-13 on October 16, 2005.[2] Even if Plaintiff had challenged that failure to promote, and the EEO found that he had not, Plaintiff's complaint revolves around Defendants alleged failure to promote occurring in 2000, with subsequent alleged

---

[2] Incidentally, the EEO found that Plaintiff had failed to state a claim due to Plaintiff's promotion because he would not be considered an "aggrieved employee" suffering from a present employment harm or loss for which there is a remedy. 29 C.F.R. § 1614.107; In Diaz v. Dep't of the Air Force, EEOC No. 05931049 (April 21, 1994).

failures to upgrade his position and/or to promote him in 2001 and 2003, forming what Plaintiff later would characterize as a "continuing violation." (Defs' SOF, Ex. 1, at 2) (finding that Plaintiff had not challenged the June 6, 2005 act, among others, of failure to promote).

Nowhere in the complaint does Plaintiff allege discrimination based on the alleged discrete act of failing to promote him in June 6, 2005, nor does Plaintiff argue such a failure in his opposition (other than possibly comprising one of Plaintiff's abstract references to Defendants' "continuing violation" and "pattern" of failing to promote him). (Opposition at 5, 9.) Additionally, that discrete act appears to be the result of the alleged failures to upgrade Plaintiff dating back to 2000, 2002, and 2003 and, even more directly, to a decision on October 28, 2004 to make a competitive selection to fill the Educational Program Specialist GS-13 position permanently. (Defs' SOF, Ex. 1, at 2.) Thus, even if this Court were to consider that alleged discrete act separate from Plaintiff's continuing violation theory and without a specific challenge to it (either through this Court or through the EEO), Plaintiff's initiation of contact with the EEO still would be untimely.

Additionally, the continuing violation theory does not apply because that theory does not apply to discrete employment acts, such as failure to promote.

10

See Morgan, 536 U.S. at 114. Plaintiff's employment discrimination claim was based on a failure to promote; thus, his claim should have been made within the appropriate time period. See id. Accordingly, this Court GRANTS summary judgment on Count V for failure to exhaust administrative remedies.

> 3. Failure to establish facts to prove intentional infliction of emotional distress (Count VII)

The FTCA governs suits in personal injury actions against the United States for money damages resulting from the negligent or wrongful acts of United States employees acting within the scope of their employment. See 28 U.S.C. § 1346(b). Plaintiff interprets a section of the FTCA, 28 U.S.C. § 2680(h) as barring claims of intentional infliction of emotional distress. 28 U.S.C. § 2680(h) provides:

> The provisions of this chapter ... shall not apply to--
>
> ***
> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

The Ninth Circuit has made clear, however, that § 2680(h) of the FTCA does not exclude a claim for intentional infliction of emotional distress, particularly where such a claim does not arise from any of the excluded torts. See

Sheehan v. United States, 896 F.2d 1168, 1169 (9th Cir. 1990); see also Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006) (determining that if the gravamen of the plaintiff's complaint is a claim for a tort excluded under § 2680(h), then it is barred).  Thus, the FTCA does not bar Plaintiff's claim of intentional infliction of emotional distress.

      Notwithstanding, Plaintiff's claim fails because he has failed to establish any facts that could satisfy such a claim.  Under Hawaii law, a party must satisfy four elements to prove a claim of intentional infliction of emotional distress:  "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another."  Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006).  Plaintiff alleged in his Complaint that Defendants repeatedly failed to correct Plaintiff's PD, thus denying him promotional opportunities for which he was qualified.  Plaintiff further alleged that Defendants' acts were willful, wanton, and maliciously calculated to inflict emotional distress on him.

      From the allegations in the pleadings, the declarations and exhibits attached to the Motion and the Opposition, and Plaintiff's complete lack of argument on this issue, this Court sees no evidence of intent or recklessness on the part of Defendants, outrageousness in the acts alleged, or extreme emotional

distress inflicted on Plaintiff. Not only does Plaintiff fail to allege any facts in his Complaint or make any argument on this issue in his Opposition, but he also does not request a continuance to discover facts to support his Opposition through affidavits, depositions, or any other form of discovery. See Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 56(f). Consequently, this Court finds that Plaintiff has failed to demonstrate facts to establish what will be essential elements at trial. This Court, therefore, GRANTS summary judgment on Plaintiff's claim for intentional infliction of emotional distress (Count VII).

### 4. No legal basis to establish punitive damages (Count VIII)

As all claims against Plaintiff have been dismissed, Plaintiff has no legal basis on which to claim punitive damages. Additionally, given that Plaintiff's PD was upgraded to a GS-13 on August 25, 2005 and he was non-competitively promoted to a GS-13 on October 16, 2005 before he filed the instant Complaint, any claim of damages, compensatory, punitive or otherwise, would be questionable at best.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2007.



_____
David Alan Ezra
United States District Judge

Eddie Fowler vs. United States Department of the Navy, et al., Civil No. 06-00294 DAE-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT